IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNIONS 181, 320 AND TVA HEALTH AND WELFARE TRUST FUND,<br><br>MICHAEL CRABTREE, CHIEF EXECUTIVE OFFICER OF THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS,<br><br>TRUSTEES OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 181 JOINT APPRENTICESHIP AND TRAINING FUND,<br><br>    Plaintiffs,<br><br>-vs-<br><br>D.H. GRIFFIN WRECKING COMPANY, INC.<br><br>    Defendant. | CASE NO. 4:21-CV-131-JHM |

## COMPLAINT

1. Plaintiffs are fiduciaries of various multiemployer benefit plans. Defendant is an employer that is obligated to make contributions to the plans based upon contractually agreed rates. Plaintiffs bring this action on behalf of the plans' participants and beneficiaries for the purpose of collecting contributions and other amounts due to Plaintiffs.

## JURISDICTION AND VENUE

2. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for

failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a contract involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because one or more the employee benefit plans of which Plaintiffs are trustees are administered within the jurisdiction of the U.S. District Court for the Western District of Kentucky, Owensboro Division.

**THE PARTIES**

3. Plaintiffs, the Trustees of the International Union of Operating Engineers, Local Unions 181, 320 and TVA Health and Welfare Trust Fund ("Health Fund"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Health Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Health Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Health Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Health Fund is administered in Henderson County in the Commonwealth of Kentucky.

4. Plaintiff Michael A. Crabtree is the Chief Executive Officer of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers (the "Pension Fund") and is a designated fiduciary under the Pension Fund's Trust Agreement. The Pension Fund is a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Pension Fund is a multiemployer pension plan within the meaning of ERISA §§ 3(2), (37), 29 U.S.C. §§ 1002(2), (37). The Pension Fund is administered by a joint

2

Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Pension Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Pension Fund is administered in the District of Columbia.

5.      Plaintiffs, the Trustees of the International Union of Operating Engineers, Local Unions 181 Joint Apprenticeship and Training Fund (the "Training Fund," and collectively with the Pension and Health Funds, the "Funds"), are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Training Fund is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1), (37). The Training Fund is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Training Fund's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Training Fund is administered in Henderson County in the Commonwealth of Kentucky.

6.      Defendant D.H. Wrecking Company, Inc. is a North Carolina corporation with its principal place of business located at 4716 Hilltop Road, Greensboro, North Carolina 27407. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

## COMMON FACTS

7.      On February 19, 2021, Defendant executed a Signature and Required Notice form, which pertained to a certain construction project as identified in the form. By executing the Signature and Required Notice form, Defendant became a party to and agreed to abide by the terms of the Project Maintenance and Modification Agreement for Work Performed for the Tennessee

Valley Authority ("PMMA"). A true and accurate copy of the current PMMA is attached hereto as **Exhibit A**. A true and accurate copy of Defendant's Signature and Required Notice form is attached as **Exhibit B**.

8. The terms of the PMMA require Defendant to make contributions to the Funds of which Plaintiffs are fiduciaries for all hours worked by all employees of Defendant who perform work covered by the PMMA on the project specified in the Signature and Required Notice form.

9. In addition, by virtue of Defendant becoming a party to the PMMA, and thus being obligated to contribute to the Funds of which Plaintiffs are fiduciaries, Defendant also became a party to and agreed to abide by the terms of the Funds' Trust Agreements. True and accurate copies of the Funds' Trust Agreements are attached as **Exhibits C, D, and E**.

10. Pursuant to the terms of the PMMA, the Funds' Trust Agreements, and/or policies and procedures adopted by Plaintiffs, Defendant is required to timely submit contribution reports and contribution payments. In the event contributions are not timely submitted, they are considered delinquent and are subject to liquidated damages and interest.

11. Pursuant to the terms of the PMMA, the Funds' Trust Agreements, and/or policies and procedures adopted by Plaintiffs, Defendant may also be subjected to payroll audits as may be deemed appropriate. Defendant is required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendant has not paid contributions as required, Defendant may be held liable for the costs of the audit.

<u>**COUNT I**</u>
**(ERISA Section 515, <u>29 U.S.C. Section 1145</u> – Failure to Pay Contributions)**

12. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

13. Defendant has failed to pay the required contributions to the Funds for February 2021 and all subsequent months.

14. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for delinquent contributions, liquidated damages, interest, and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions/Deductions)

15. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

16. Defendant has failed to pay the required contributions to the Funds for February 2021 and all subsequent months.

17. Defendant's actions are in violation of the PMMA, Trust Agreements, and/or policies and procedures adopted by Plaintiffs, and Defendant is therefore liable for delinquent contributions, deductions, liquidated damages, interest, and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

## COUNT III
### (ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)

18. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

19. Defendant has failed to make timely contribution payments for one or more work months during the period February 2021 through the present, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and/or interest on all delinquent contributions from their respective due dates until paid in full.

20. Defendant's actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendant is therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

**COUNT IV**
**(LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)**
**(Failure to Pay Liquidated Damages)**

21. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

22. Defendant has failed to make timely contribution payments for one or more work months during the period February 2021 through the present, thereby rendering the contributions delinquent. As a result, Defendant is liable for liquidated damages and/or interest on all delinquent contributions from their respective due dates until paid in full.

23. Defendant's actions are in violation of PMMA, Trust Agreements, and the policies and procedures adopted by Plaintiffs, and Defendant is therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

**COUNT V**
**(ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E) – Order Compelling Payroll Audit)**

24. Plaintiffs reallege each averment set forth as if fully rewritten herein.

25. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, deductions, liquidated damages, and interest.

26. Defendant's refusal to submit to a payroll audit is in violation of the PMMA and, therefore, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendant:

      A.      An order compelling Defendant to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, liquidated damages, and interest;

      B.      Judgment in favor of Plaintiffs and against Defendant for unpaid and delinquent contributions owed by Defendant for the period of February 2021 to the present, in an amount to be determined;

      C.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on the delinquent contributions for the period of February 2021 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

      D.      Judgment on behalf of Plaintiffs and against Defendant in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

      E.      Judgment on behalf of Plaintiffs and against Defendant for accumulated interest and liquidated damages on unpaid contributions which should accrue during the pendency of this action;

      F.      Judgment on behalf of Plaintiffs and against Defendant for the costs of any payroll audit of Defendant;

      G.      An award of the costs and auditor fees incurred in the conduct of the audit;

      H.      An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

      I.      An Order retaining jurisdiction over this cause pending compliance with all Orders; and

  J. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Dated:  December 1, 2021

               Respectfully submitted,

               /s/ Jennie G. Arnold
               Jennie G. Arnold
               LEDBETTER PARISI LLC
               5078 Wooster Road, Suite 400
               Cincinnati, Ohio 45226
               937-619-0900
               937-619-0999 (fax)
               *Counsel for Plaintiffs*